# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALVIN WHITTER | ) |
| | ) Civil Action Number: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Jury Trial Demanded |
| BEST PRICE FURNITURE, LLC, A DOMESTIC LIMITED LIABILITY COMPANY; STYLE LINE FURNITURE, LLC, A DOMESTIC LIMITED LIABILITY COMPANY AND RONALD MENSAH-BONSU AN INDIVIDUAL, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## FAIR LABOR STANDARDS OVERTIME COMPLAINT

COMES NOW Plaintiff Alvin Whitter (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendants BEST PRICE FURNITURE, LLC; STYLE LINE FURNITURE, LLC, AND RONALD MENSAH-BONSU (collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff of his lawful overtime wages.

2. This is also a breach of Georgia breach of oral contract under OCGA Title 13.

3. Defendants employed Plaintiff to perform various duties such as delivery and set-up of furniture for their three stores located as follows: Best Price Furniture at 6410 Dawson Blvd., Unit 150, Norcross, Georgia, 30093; Style Line Furniture at 6410 Dawson Blvd., Unit 100, Norcross, Georgia, 30093; and a Best Price Furniture store located, based upon information and belief, at 5244 Memorial Dr, Stone Mountain, Georgia, 30083.

4. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of forty hours in a given workweek.

5. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

6. Plaintiff also seeks $412 in breach of contract damages IAW OCGA Title 13.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA). And, supplemental jurisdiction over Plaintiff's State of Georgia breach of oral contract claim pursuant to 28 U.S. Code § 1367 - Supplemental jurisdiction.

8. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

9. Plaintiff resides in Duluth, Gwinnett County, Georgia (within this District).

10. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.

11. Plaintiff is further covered by §§ 203, and 207 of the FLSA for the period in which she was employed by Defendants.

12. Defendants conduct business within this State and District.

13. Defendant BEST PRICE FURNITURE, LLC is an LLC Corporation formed under the laws of the State of Georgia.

14. Defendant BEST PRICE FURNITURE, LLC is located within this District with its principal office address at 6410 Dawson Blvd., Unit 150, Norcross, Georgia, 30093.

15. Defendant BEST PRICE FURNITURE, LLC is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent Ronald Mensah-Bonsu at 3170 Macy Lee Ct., Buford, Georgia, 30519.

16. Defendant STYLE LINE FURNITURE, LLC is an LLC Corporation formed under the laws of the State of Georgia.

17. Defendant STYLE LINE FURNITURE, LLC is located within this District with its principal office address at 6410 Dawson Blvd., Unit 100, Norcross, Georgia, 30093.

18. Defendant STYLE LINE FURNITURE, LLC is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served

through its registered agent Ronald Mensah-Bonsu at 3170 Macy Lee Ct., Buford, Georgia, 30519.

19. Defendant Ronald Mensah-Bonsu is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 3170 Macy Lee Ct., Buford, Georgia, 30519.

20. Defendants maintained either actual or constructive control, oversight and direction of Defendants' businesses, including the employment and pay and other practices of those operations of Defendants.

21. At all times material to this action, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

22. At all times material to this action, Plaintiff Whitter was engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA

23. At all times material to this action, Defendants were "employers" of Plaintiff as defined by § 203(d) of the FLSA.

24. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

25. Upon information and belief, Defendants operate furniture stores.

26. Defendants employed Plaintiff to perform such duties as loading and delivering and installing furniture; receiving shipments of furniture and placing them in a warehouse.

27. Upon information and belief, Defendants compensated Plaintiff on an hourly basis – sometimes in cash and sometimes by check.

28. Defendants did not withhold any amounts from Plaintiff's wages for taxes, state or federal, or for any other purposes.

29. Plaintiff attempted to cash his last check for wages earned in an amount of $412 but Defendants had put a stop order on the check.

30. Defendants have yet to make good on this stopped check.

31. Defendants routinely required Plaintiff to work in excess of forty hours per week during the time relevant to this action.

32. At all times relevant to this action, Defendants did not compensate Plaintiff for hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he was employed.

33. Defendants paid Plaintiff straight time of $11.50 per hour for all hours worked including hours worked in excess of 40 in a work week.

34. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff during the time period relevant to this action.

35. Defendants failed to meet the requirements for paying Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed, at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

36. Plaintiff is entitled to compensation for any and all time worked in excess of 40 hours per work week at the rate of at least one and one-half times her rate at which he was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

37. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

38. As a result of Defendants' failure to act with good faith in compensating Plaintiff, he is entitled to liquidated damages.

39. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

40. Plaintiff is also entitled to $412 in damages for failure to to pay that amount in wages as orally agreed to.

41. Defendants have acted in bad faith, have been stubbornly litigious, and has caused the plaintiff unnecessary trouble and expense regarding the contractual debt of $412.

42. Plaintiff demands a jury trial.

## COUNT I FLSA OVERTIME VIOLATIONS

43. Plaintiff repeats and incorporates by reference all preceding Paragraphs herein.

44. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203, and 207 of the FLSA.

45. Defendants have not made a good faith effort to comply with the FLSA with respect to their minimum wage and overtime compensation of Plaintiff.

46. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

47. As a result of the unlawful acts of Defendants, Plaintiff has been deprived overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## COUNT II Breach of Oral Contract to Pay Wages

48. Plaintiff repeats and incorporates by reference all preceding Paragraphs herein.

49. Defendant knowingly, willfully and illegally stopped payment on Plaintiff's last paycheck in the amount of $412.

50. Defendants have acted in bad faith, have been stubbornly litigious, and have caused the plaintiff unnecessary trouble and expense regarding the contractual debt of $412.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, and supplemental jurisdiction over Plaintiff's State of Georgia breach of oral contract claim pursuant to 28 U.S. Code § 1367 - Supplemental jurisdiction, pray for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded $412 as damages for Defendants' breach of oral contract to pay wages.

C. That Plaintiff be awarded reasonable attorneys' fees;

D. That Plaintiff be awarded the costs and expenses of this action; and

E. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 5th day of September, 2018.

MARTIN & MARTIN, LLP

By: */s/ Thomas F. Martin*
Thomas F. Martin
tfmartinlaw@msn.com

Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(770) 344-7267